# EXHIBIT B

IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR TAYLOR COUNTY, FLORIDA

**LISA WILDER,**

    **Plaintiff,**

v.

**WAYNE PADGETT, SHERIFF,
TAYLOR COUNTY, FLORIDA,**

    **Defendant.**

                                           /

**CASE NO.: 24-CA-
FLA BAR NO.: 0739685**

## **COMPLAINT**

Plaintiff, LISA WILDER, hereby sues Defendant, WAYNE PADGETT, SHERIFF, TAYLOR COUNTY, FLORIDA, and alleges:

### **NATURE OF THE ACTION**

1. This is a civil action seeking monetary damages, declaratory judgment, and legal, equitable, and injunctive relief against Defendant. This action is brought through 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States, by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983, and under the common law of the State of Florida.

2. This is an action involving claims which are, individually, in excess of fifty thousand dollars ($50,000.00).

### **PARTIES**

3. At all times pertinent hereto, Plaintiff, Lisa Wilder, was an inmate in the Taylor County Jail, operated by the Defendant.

# EXHIBIT B

4. At all times pertinent hereto, Defendant, Wayne Padgett, has been the Sheriff of Taylor County, Florida and has been organized and existing under the laws of Florida as a law enforcement agency located in Perry, Florida. Defendant operated, at all time pertinent hereto, the Taylor County Jail.

5. At all times pertinent hereto, Plaintiff, Lisa Wilder was a resident of the State of Florida and was an inmate of Defendant, Taylor County Jail.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

7. On September 19, 2021, an incident occurred wherein one or more inmates in a cell block intentionally flushed a uniform down the toilet, resulting in extensive flooding across several cell blocks. As a direct consequence of this flooding, Plaintiff's cell became flooded and she slipped and fell, sustaining a fracture to her right wrist. Despite promptly notifying the correctional officers on duty about her injury, the Plaintiff's report was dismissed, and her injury was not believed or appropriately addressed.

8. Plaintiff subsequently reported her injury to corrections officers on duty at the time, including English and Navarre, who also did not believe Plaintiff nor seek treatment for her injury.

9. English insisted that Plaintiff bend her wrist, despite Plaintiff's explanation that she was unable to do so due to the pain. Ignoring Plaintiff's protests, English forcibly bent Plaintiff's wrist, causing significant pain. Despite this, English still maintained that she did not believe the wrist was broken and provided Plaintiff with only a pack of ice.

10. After the shift change, Plaintiff continued to assert that her wrist was broken and reported her injury to the next corrections officer on duty, Guilderbrand. While Guilderbrand was

# EXHIBIT B

distributing medications, Plaintiff informed her of the need for X-rays. Guilderbrand informed Plaintiff that a report for her injury had not been made and that she would file an incident report. She also indicated that Plaintiff would need to speak with the medical staff on September 20, 2021. Guilderbrand then provided Plaintiff with ibuprofen.

11. On September 19, 2021, Plaintiff wrote to a Sgt. Cook, informing her that her wrist was broken and that she was experiencing pain in her buttocks and back from the fall she sustained. Plaintiff requested an X-ray.

12. On September 20, 2021, Cook responded to Plaintiff's notice of injury with a single word: "Medical."

13. On September 20, 2021, the Nurse, Amanda (l/n/u) from the medical unit examined Plaintiff's wrist and expressed her disbelief that it was broken. However, Amanda stated that she would submit a request for Plaintiff to see a doctor and informed Plaintiff that she would return on Thursday, September 23, 2021.

14. On September 23, 2021, Plaintiff informed the doctor, Sharon Schlick, of the incident and requested X-rays for both wrists and her buttocks. Ms. Schlick responded that she would only order an X-ray of Plaintiff's right wrist, as it appeared to be in the worst condition.

15. On September 24, 2021, Plaintiff showed her wrist to Cook and correctional officer Hightower, informing them that it was broken. Later that day, correctional officer Burns transported Plaintiff to the hospital for an X-ray.

16. On September 27, 2021, Plaintiff inquired with Amanda about what steps would be taken next. Amanda informed Plaintiff that she would not see Schlick but that she would go over the X-Ray results with Schlick and further advise Plaintiff.

# EXHIBIT B

17. That same day, Plaintiff was transported to Perry Medical Clinic where it was confirmed that her right wrist was broken and had already begun healing. A cast was subsequently placed on her right wrist.

18. Notably, it took the Defendant eight days to provide Plaintiff with proper medical care, including an X-ray, after her initial report of the injury. The injury was neither reported in a timely manner nor addressed with the necessary urgency and care.

19. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## NEGLIGENCE

20. Paragraphs 1 through 19 are re-alleged and incorporated herein by reference.

21. This count sets forth a claim against Defendant Sheriff for common law negligence and is based on its actions and inactions that occurred during Plaintiff's arrest and thereafter.

22. Defendant Sheriff knew or should have known that Plaintiff was with a zone of risk related to her injury and ignored it, furthering her injury.

23. Upon Plaintiff's injury and notice to the Defendant of her injury, legal duties devolved upon Defendant Sheriff because Plaintiff was in the foreseeable zone of risk to be harmed by its actions or inactions.

24. These duties arose because of the special relationship between Defendant Sheriff and Plaintiff, and/or because the injuries to Plaintiff were within a foreseeable zone of risk.

25. The actions of Defendant Sheriff complained of herein were "operational" functions, i.e., functions that were not necessary to or inherent in policymaking or planning, that merely reflected secondary decisions as to how policies or plans were to be implemented.

# EXHIBIT B

26. As a direct and proximate cause of the above unlawful acts and omissions, Plaintiff sustained economic damages, including sustained emotional pain, anguish, humiliation, insult, indignity, loss of enjoyment of life, loss of employment, lost employment opportunities, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present and will continue into the future. Plaintiff is entitled to compensatory damages.

## COUNT II
## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

27. Plaintiff re-alleges paragraphs 1 through 19 as if fully set forth herein.

28. At all times material, Defendant had a duty under the Fourteenth Amendment to the Constitution of the United States of America to provide adequate medical care to those inmates, including Plaintiff, in the custody of Taylor County Jail.

29. At all times material, Defendant had a duty under the Fourteen Amendment, not to be deliberately indifferent to the known serious medical needs of inmates in the custody of Taylor County Jail.

30. While incarcerated at Taylor County Jail, Plaintiff suffered from a serious medical need to wit, a broken wrist which, if not properly and timely treated, would and did leave Plaintiff permanently damaged including but not limited to disfigurement, loss of feeling in her hand, numb fingertips, and intermittent pain.

31. Defendant was deliberately indifferent to Plaintiff's medical needs. Defendant was aware of Plaintiff's injuries, as evidenced by the reports made by Plaintiff to the correctional officers. Defendant, through its employees, officers, or agents, was aware of Plaintiff's injuries and that Plaintiff was at a risk of serious harm and continued pain if she did not receive immediate treatment.

# EXHIBIT B

32. Plaintiff's medical diagnosis and condition or conditions was known or knowable to Defendant at all times material. Despite its actual or imputed knowledge of the serious risk to Plaintiff's health, Defendant, intentionally or through deliberate indifference, failed or refused to provide Plaintiff with access to medical care requested by Plaintiff. Had Defendant, through its officers, employees, or agents, ensured that Plaintiff was properly treated in a timely manner, Plaintiff's pain and injuries would have been alleviated or limited.

33. Defendant had a custom and practice, as evidences by the multiple personnel who Plaintiff told about her injury but was ignored, of ignoring medical injuries of inmates such as Plaintiff. Defendant also delegated decisionmaking to its correctional officers and medical staff to make unreviewed decisions about whether Plaintiff did or did not receive medical attention, which shows decisions by final policymakers about Plaintiff's medical care, which decisions are attributable to Defendant.

34. As a direct, proximate, and foreseeable result of Defendant's deliberate indifference to Plaintiff's known serious medical needs, Plaintiff has suffered the injuries described in this complaint, including bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, and other losses, including the aggravation of pre-existing conditions. These injuries and losses are continuing, and Plaintiff will suffer such losses in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

# EXHIBIT B

(b)   that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)   enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of the state and federal laws enumerated herein;

(e)   enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)   grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demand a trial by jury on all issues set forth herein which are so triable. Dated this 26th day of July, 2024.

# EXHIBIT B

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
discovery@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

